UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-243-TS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Charles Douglas, a *pro se* prisoner, filed this habeas corpus petition to challenge the Westville Correctional Facility Conduct Adjustment Board's (CAB) guilty finding in case WCC 07-01-0674.

According to the petition, the CAB found the petitioner guilty of a Class B 344 offense, possession of unauthorized medication. The petitioner appealed the guilty finding to the Facility Head, William Wilson. The form of petition then asks the petitioner to provide information regarding additional appeals: "If you sought review of any denial of your appeal from higher than institutional level, answer the following: (a) name and title of higher reviewing authority, (b) result of higher appeal, and (c) date of appeal." (Petition, page 2). In response to each of these questions, the petitioner indicated "N/A." (Petition, page 2).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002).

Here, the petitioner has indicated in his petition that he did not appeal his guilty finding to the Final Reviewing Authority, C. A. Penfold. Because the petitioner has not yet exhausted his remedies, the Court cannot address his petition and it must be dismissed. *See* Section 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the court **DISMISSES** this petition **WITHOUT PREJUDICE** with leave to re-file after he has exhausted his institutional appeals.

SO ORDERED on May 30, 2007.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION