UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-243-TS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Charles Douglas, a *pro se* prisoner, filed this habeas corpus petition to challenge the Westville Correctional Facility Conduct Adjustment Board's (CAB) guilty finding in case WCC 07-01-0674. On May 30, 2007, pursuant to Section 2254 Habeas Corpus Rule 4, the Court dismissed the Petition because the Petitioner failed to exhaust his institutional appeals; he did not appeal the decision to the Final Reviewing Authority. On June 11, 2007, the Petitioner filed a Motion for Reconsideration [DE 4]. In his Motion, the Petitioner contends that he exhausted the remedies that were available to him because the Facility Head indicated that his case was not appealable to the Final Reviewing Authority. In support of his Motion, the Petitioner attaches a copy of his appeal to the Facility Head which states, "Since this case does not involve a demotion in credit class, loss of earned credit time, or disciplinary segregation in excess of 60 days, it is not appealable to a higher level." (DE 4-2).

Because the Petitioner was not allowed to file an appeal with the Final Reviewing Authority, he exhausted the remedies that were available. Consequently, his Motion for Reconsideration is granted and the Court will re-examine the Petition.

A prison disciplinary proceeding can only be challenged where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). In his original Petition, the Petitioner does not plainly describe the sanction he received. He alleges that the sanction was a "loss of 1 month," but does not state what he lost. (DE 1.)  It is not clear from the Petition whether the sanction lengthened the duration of his confinement. However, the document attached to his Motion to Reconsider conspicuously shows that the sanction would not lengthen the duration of the Petitioner's confinement—through a demotion in credit class, loss of earned credit, or otherwise. (DE 4-2.) As a result, the Petitioner did not suffer a sanction that is actionable in this habeas corpus proceeding.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the court **GRANTS** the Motion for Reconsideration (DE 4). Upon reconsideration of the Petition, the Court **DISMISSES** the Petition pursuant to Rule 4 because the Petitioner did not suffer a sanction that lengthened the duration of his confinement.

SO ORDERED on June 15, 2007.

         s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION